**In the matter of the Matai Title "LENIU" of the village of ASILI, American Samoa.**

High Court of American Samoa
Land and Titles Division

MT No. 3-95

December 12, 1995

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Claimant Isapela Mailo Warren, Charles V. Ala`ilima
   For Counter-claimant Matauaina Afui`a Leau`anae, Asaua Fuimaono
   For Counter-claimant Maugaotega Savane T., Togiola T.A. Tulafono

Order Denying Motion for Summary Judgment:

The issue before us is whether a candidate for a matai title is entitled to the title as a matter of law when the original claimant was found to be ineligible by the Territorial Registrar, and other claimants made their claims only after notice that the remaining candidate's claim was re-issued.

## HISTORY

Petelo Lealiie`e ("Lealiie`e") was the original claimant to the Leniu title, and Isapela Mailo Warren ("Warren") was the sole objector to file a counterclaim within 60 days after publication of Lealiie`e's claim, as required by A.S.C.A. § 1.0407(a). The Territorial Registrar subsequently found Lealiie`e to be ineligible to hold the title, and Lealiie`e has made

126

no attempt, known to this court, to contest the Registrar's decision. After this finding of ineligibility, the Registrar also refused to register the title in Warren's name, and instead posted notice of Warren's claim to the title, pursuant to A.S.C.A. § 1.0406. Counter-claimants Matauaina Afui`a Leau`anae and Maugaotega Savane T. filed their claims within 60 days following notice of Warren's claim.

Warren now moves for summary judgment, claiming that all counter-claims should have been filed within 60 days of Lealiie`e's original claim in order to satisfy A.S.C.A. § 1.0407(a). Warren argues that she is the only counter-claimant to file within that period and is consequently the only lawful remaining candidate, and therefore claims that she is entitled to judgment as a matter of law.

## DISCUSSION

The Territorial Registrar's discretion to rule on the legal sufficiency of a claim to a matai title is minimal. The Registrar's authority is, essentially, limited to a determination that information in the claimant's petition is "valid," A.S.C.A. § 1.0405(c); *see also Id.* at § 1.0407(c), and that the "claim, certificate, and petition are in proper form . . . ." A.S.C.A. § 1.0406. The Territorial Registrar should make decisions regarding the form or validity of a claimant's petition prior to posting notice of the claim, which begins the 60 day notification period, in which others may object to the registration or make counter-claims.

> If the territorial registrar is satisfied that the claim, certificate, and petition are in proper form, he must give notice of the filing of the claim . . . .

A.S.C.A. § 1.0406. The foregoing language plainly requires the Registrar to be "satisfied" that a petition is in order before giving notice of it to the world. The Registrar ignored this procedure in the present case by giving notice of the Lealiie`e's original claim before deciding that the said claim was not in order. The proper time for the Registrar to give notice of a claim is after he is satisfied that it is in proper form. We hold, therefore, that the 60 day time limit under A.S.C.A. § 1.0407(a) could not properly begin to run until some time after the decision regarding Lealiie`e's original claim, since notice of that claim should never have been published in the first place. As a matter of law, time began to run on the day that the Registrar gave notice of Warren's claim, thereby indicating that Warren's claim was (at least presumptively) "in proper form."[1]

---

[1] We need not decide whether notice of Lealiie`e's original claim represented a binding decision by the Registrar that the claim was in

127

For the foregoing reasons, we find that the counter-claimants filed timely claims, and the motion for summary judgment is therefore DENIED.

It is so ordered.

order, because the Registrar later refused the registration and Lealiie`e elected not to seek review of that rejection. The Registrar should note, however, for the sake of procedural clarity in future cases, that he should publish notice of a claim only after he is "satisfied" that the claim is in order. Otherwise, his publication itself may, in some future case, be taken as a binding decision that the claim is in order.